UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GARCIA ET AL | | CIVIL ACTION |
| VERSUS | | NO. 16-13254 |
| HARD ROCK CONSTRUCTION OF LOUISIANA, LLC | | SECTION "L" (4) |

## ORDER & REASONS

Before the Court is a Motion to Dismiss filed by Hard Rock Construction of Louisiana, LLC, ("Hard Rock"). (R. Doc. 6). The Court has reviewed the briefs and the applicable law and, having heard oral argument, the Court now issues this Order & Reasons.

## I.   BACKGROUND

This case arises out of a labor dispute. Osmel Garcia and Miguel Angel Mejia Reyes ("Plaintiffs") were employed by Hard Rock as contractors on two federally-funded construction projects: one near the Baton Rouge airport in East Baton Rouge Parish, Louisiana (the "Baton Rouge Project"), and the other at the Port of New Orleans in Orleans Parish, Louisiana (the "New Orleans Project"). (R. Doc. 1-2 at 1-2). Both Plaintiffs began working for Hard Rock in 2014.

Because the construction sites were federally-funded, Plaintiffs aver that Hard Rock is required to pay the federally-determined prevailing wage rate for a carpenter. *Id*. at 2. That wage is determined by the federal government and varies depending on the site location. *Id.* at 2-3. Hard Rock allegedly failed to pay Plaintiffs the federally-required prevailing wage. *Id*. at 2.

Mr. Garcia claims he worked the 4[1]-7[1] week of the Baton Rouge Project[1] and 1500 hours at the New Orleans Project and was only paid $18.00/hour instead of the prevailing wage which is $22.70 in Baton Rouge and $32.46 in New Orleans. (R. Docs. 1-2 at 2, 6-2 at 6). Mr. Garcia seeks a total $54,801.85 in unpaid wages: $721.45 from the Baton Rouge Project, $23,859.00 from the New Orleans Project, and $30,221.40 for other New Orleans jobsites at which he worked in 2014.

Mr. Mejia Reyes also claims he worked the 4[1]-7[1] week at the Baton Rouge Project[2] and 1600 hours at the New Orleans Project and was only paid $18.00/hour instead of the prevailing wage which, as stated above, is $22.70 in Baton Rouge and $32.46 in New Orleans. Mr. Mejia Reyes seeks a total $50,789.20 in unpaid wages: $721.45 from the Baton Rouge Project, $31,812.00 from the New Orleans Project, and $18,255.75 for other New Orleans jobsites at which he worked in 2014.

Plaintiffs allege that under La. R.S. 23:631, Hard Rock was required to pay Plaintiffs their unpaid wages no later than fifteen days following the day they ceased working for Hard Rock, but they did not do so. *Id*. at 3. On or about February 16, 2016, Plaintiffs attempted to collect these unpaid wages by mailing demand letters to Jeffrey D. Young at Hard Rock. *Id*. at 3. Hard Rock did not make full payment, and Plaintiffs argue that Hard Rock is therefore liable to pay an additional penalty of either 90 days' wages or $5,000, whichever is less. *Id*.; La. R.S. 23:632. Plaintiffs also seek attorneys' fees under La. R.S. 23:632. *Id*.

Hard Rock removed the case to this Court on July 26, 2016, under 28 U.S.C. §1331.

---

[1] Mr. Garcia also worked weeks 1-3 but was paid the prevailing wage for that work. (R. Doc. 6-2 at 6).
[2] Mr. Mejia Reyes also worked weeks 1-3 but was paid the prevailing wage for that work. (R. Doc. 6-2 at 6).

2

After receiving both parties' briefs, this Court ordered oral argument and production of the contract at issue. (R. Doc. 14). Defendants produced the contract. (R. Doc. 15). Oral Argument was heard on September 28, 2016. (R. Doc. 16). Plaintiffs also filed Post-Hearing Affidavits of both Plaintiffs, stating that the work they conducted was form carpentry work, not simple laborer work. (R. Doc. 17-1). Defendant filed a sur-reply, arguing that the affidavits are not contracts, and that the Davis Bacon Act does not contain a definition for carpenters or form carpenters. (R. Doc. 23). Further, Defendant argues that the affidavits do not change the legal analysis that the parties argued in their briefs. *Id*.

## II.      PRESENT MOTION

Hard Rock moves to dismiss this case on the grounds that (1) Louisiana law does not permit claims based on the federal law at issue in this case, namely the Davis-Bacon Act codified in 40 U.S.C. 3141, *et seq.* (the Act), and (2) there is no private cause of action available under the Act. (R. Doc. 6-1 at 1-2). Plaintiffs filed an Opposition on September 1, 2016 (R. Doc. 10), and Hard Rock filed a reply on September 9, 2016 (R. Doc. 13).

## III.     LAW AND ANALYSIS

### A.      Motion to Dismiss Standard

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A district court must construe facts in the light most favorable to the nonmoving party. *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir. 2009). The court must accept as true all factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation et al. v. William Twombly,* 550 U.S. 544, 570 (2007).  A motion to dismiss under rule 12(b)(6) is "viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

### B.     Claims Under the Davis-Bacon Act

Hard Rock alleges that the Act does not permit a private right of action, but rather provides an administrative remedy to protect underpaid workers. Hard Rock cites to *Universities Research Assoc., Inc. v. Coutu*, which held that no private right of action is available for contracts "administratively…determined not to call for Davis Bacon work." 450 U.S. 754, 767-68 (1981). The court found it unnecessary to decide whether the Act creates any implied right of action, but noted that "the implication of a private right of action here would undercut as well the elaborate administrative scheme promulgated." *Id*. at 763, 769 n.19. Hard Rock points to circuit court decisions that have reached this question and found no private right of action. *See*, *e.g,*, *U.S. v. Capeletti Bros., Inc.*, 621 F.2d 1309 (5th Cir. 1980).

Plaintiffs disagree and point out that Defendant fails to address whether the contracts in this case called for Davis Bacon work. (R. Doc. 3 at 2). The Contract is now part of the record and expressly implicates the Act, though no administrative agency has ruled on the contract (R. Doc. 15-2 at 196). Also looking to *Contu*, Plaintiffs aver that in order for Defendants to prevail, they must prove that this contract has been "administratively determined not to call for Davis-Bacon work" and that the contracts do not include a prevailing-wage provision. *Id*. at 3.

The Act provides for administrative remedies and appropriate steps to be taken if contractors do not comply with the terms of the Act. 40 U.S.C.S. § 3141 et seq. While the Act does confer on laborers the right to bring suit, it does so only after proper steps have been taken through the Department of Labor. 40 U.S.C.S. § 3144(2). No other private cause of action is conferred.

This Court disagrees with Plaintiffs that *Coutu* only applies to contracts that have been determined not to call for work under the Act. While the holding in *Coutu* is admittedly narrow, the court notes that "§ 1 of the Act does not confer rights directly on these individuals but is simply 'phrased as a directive to federal agencies engaged in the disbursement of public funds." *Coutu*, 450 U.S. at 756 (internal citation omitted). Further, subsequent courts have interpreted *Coutu* more broadly than Plaintiffs suggest.[3]

This Circuit has held that the Act does not confer a private cause of action. *United States for benefit of Glynn v. Capeletti Bros., Inc.*, 621 F.2d 1309, 1310 (5th Cir. 1980). In *Capeletti Bros.*, the court looked to legislative history and found no evidence of congressional intent to create a private cause of action. *Id*. Four years later, the Fifth Circuit interpreted *Capeletti* to hold that no private cause of action existed under the Act. *Irwin Co. v. 3525 Sage St. Assocs.*, 37 F.3d 212, 215-16 (5th Cir. 1994) (finding the suit proper because it was a collection suit brought by

---

[3] *See*, *e.g.*, *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1387 (2015) (citing *Coutu* to state that language in the Davis Bacon Act "reveals no congressional intent to create a private right of action"); *Alexander v. Sandoval*, 532 U.S. 275, 288-89, 121 S. Ct. 1511, 1520-21 (2001) ("Like the statute found not to create a right of action in [*Contu*] § 602 is 'phrased as a directive to federal agencies engaged in the distribution of public funds,' When this is true, 'there [is] far less reason to infer a private remedy in favor of individual persons,' So far as we can tell, this authorizing portion of § 602 reveals no congressional intent to create a private right of action." (internal citations omitted)); *La. Landmarks Soc'y v. City of New Orleans*, 85 F.3d 1119, 1123-24 (5th Cir. 1996) (citing *Contu* to support the argument that "[HUD Act § 701D's "provisions are framed 'as a general prohibition or a command to a federal agency.' The Act directs the Secretary of Housing and Urban Development . . .to execute a regulatory scheme consisting of (1) federal financial assistance to state and local public bodies and (2) restrictions attached to that assistance. . . . While Landmarks, like any ordinary citizen, may derive an indirect benefit from the enforcement of the regulatory scheme, that attenuated benefit does not rise to the level required to support implication of a private right of action.")

the Department of Labor, not a private cause of action under the Act). Accordingly, this Court

finds no private cause of action exists under the Davis Bacon Act, and Plaintiffs claims under the

Act must therefore be dismissed.

### C.      Claims Under State Law

Hard Rock avers that Plaintiffs failed to state a claim under Louisiana state law because

Plaintiffs admit that Hard Rock paid them the wages owed "under the terms of the contract." (R.

Doc. 6-1 at 3). Under Louisiana Law,

> Upon the resignation of any laborer or other employee of any kind
> whatever, it shall be the duty of the person employing such laborer
> or other employee to pay the amount then due under the terms of
> employment … on or before the next regular payday for the pay
> cycle during which the employee was working at the time of
> separation or no later than fifteen days following the date of
> resignation, whichever occurs first.

La. R.S. 23:631(A)(1)(b). Hard Rock cites to *Bobby Odom v. Respiratory Care, Inc.* which holds

that the above statute does not apply to overtime claims under the Fair Labor Standards Act. 754

So. 2d 252. Extending that holding, Hard Rock avers that the statute accordingly does not apply

to any wage rate allegedly required under the Act.

In their Opposition, Plaintiffs reject the claim that they failed to plead a viable claim

under state law. (R. Doc. 10 at 2). Plaintiffs aver that their claim falls directly under

23:631(A)(1)(b) because they seek unpaid wages that should have been paid no later than fifteen

days after they stopped working for Hard Rock. *Id*. Plaintiffs also disagree that they have been

paid all they were owed under the contract, and that the details of the contract are not in the

record at this time but will come to light through discovery. *Id*. Therefore, any claim regarding

details of the contract is inappropriate at this stage in the case. The Contract is now part of the

record and this argument is moot. (R. Doc. 15).

6

This Court agrees that general principle of *Odom* extends to this case. Like the payment of overtime wages, payment and classification under the Act are clearly governed by a regulatory scheme and not covered under Louisiana law. *Odom v. Respiratory Care, Inc.*, 98-0263 (La. App. 1 Cir 02/19/99), 754 So. 2d 252, 256. Plaintiffs in this case do not seek payment of unpaid wages specified under their contract, but instead argue that they were mischaracterized as laborers instead of carpenters and were therefore underpaid. This is not an issue of failure to pay under the contract, as laid out in La. R.S. 23:631(A)(1)(b). Instead, this dispute is appropriate for resolution by the Department of Labor, as detailed under the Act.

Further, because this Court finds that Plaintiffs' claims under the Davis Bacon Act must be dismissed, the only remaining claim is under state law. While this Court has pendent jurisdiction over state law claims that are closely related to Plaintiffs' federal claims, this Court also has discretion to refuse to hear such pendent claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, (1966). For example, "if the federal claims are dismissed before trial . . . the state claim should be dismissed as well." *Id*. at 726, 86 S. Ct. at 1139; *Capeletti Bros.* 621 F.2d at 1317-18. The Court in *Capeletti Bros.* found the dismissal of state law claims appropriate upon dismissing claims under the Davis Bacon Act. *Id*. This Court, too, declines to hear such claims.

### D.     Consent

Finally, Hard Rock argues that in continuing to work, Plaintiffs consented to the contract made with Hard Rock, and that their $18.00/hour wage was closely analogous to the prevailing wage for laborers. La. Code Civ. Proc. 1927. Because dismissal is appropriate on both of Plaintiffs' claims for relief, the Court declines to discuss the merits of Defendant's claim that Plaintiffs consented to the $18.00/hour wage.

In their Opposition, Plaintiffs alternatively ask the court to stay the case or dismiss it without prejudice, pending the resolution of the matter before the Labor Board.[4] (R. Doc. 10 at 4). This Court agrees that the parties should have the opportunity to resolve this dispute in the appropriate forum. Accordingly, the Court finds it appropriate to dismiss the case without prejudice to allow the parties to preserve their rights.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Hard Rock's Motion to Dismiss for a (R. Doc. 6) is **GRANTED**, and the above-captioned case is accordingly **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 24th day of October, 2016.

UNITED STATES DISTRICT JUDGE

---

[4] The Parties clarified at oral argument that there is no matter currently pending in any other forum, and the correct forum for this case is the Department of Labor, not the Labor Board.